United States Bankruptcy Court

Eastern District of Pennsylvania

| In re: | Case No. 24-13365-amc |
|---|---|
| Lorri Ann Thompson | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: May 30, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 01, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Lorri Ann Thompson, 1710 W. Bristol Street, Philadelphia, PA 19140-1808 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 01, 2025         Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 30, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor Lorri Ann Thompson help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| REGINA COHEN | on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A. rcohen@lavin-law.com, mmalone@lavin-law.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 24-13365-AMC |
| Lorri Ann Thompson, | Chapter 13 |
| Debtor. | |

## Order Granting Application for Compensation

**AND NOW, WHEREAS**:

A. The Debtor's counsel ("the Applicant") has filed an Application for Allowance of Compensation ("the Application").

B. The Application is being considered following the dismissal of this case consistent with *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C. The Applicant requests that pre-confirmation plan payments held by the chapter 13 trustee be distributed to the Applicant.

D. The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

E. The Debtor paid the Applicant $1,200.00 in compensation before the commencement of the case.

F. Reasonable and allowable compensation is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee (i.e., [Funds in Trustee's Hands]).

It is therefore **ORDERED** and **DETERMINED** that:

1. The Application is **GRANTED**.

2. Compensation is allowed in favor of the Applicant, but it is unnecessary for the court to determine that the requested compensation be allowed in a specific amount.

3. The Chapter 13 Trustee is authorized and directed to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C.§330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

Date: May 29, 2025

_____
Honorable Ashely M. Chan
U.S. Bankruptcy, Chief Judge